**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DOUGLAS S. WALTON**
Walton Law Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

FILED
Sep 07 2012, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY A. BOLIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 63A01-1202-CR-89 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PIKE CIRCUIT COURT
The Honorable Jeffrey L. Biesterveld, Judge
Cause No. 63C01-1103-FB-110

**September 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Timothy A. Bolin appeals an order modifying his sentence. We affirm.

In July 2011, Bolin pled guilty in Pike Circuit Court ("the trial court") to class B felony conspiracy to manufacture methamphetamine. In August 2011, the trial court sentenced Bolin to sixteen years in the Department of Correction ("DOC"), to be served in the Wabash Valley Regional Community Corrections Work Release Program. In November 2011, Bolin pled guilty in Vanderburgh Circuit Court to class B felony manufacturing methamphetamine and was sentenced to eight years of imprisonment in the DOC. Bolin's Vanderburgh County plea agreement appears to provide that his sentence would be served concurrently with the sentence in the Pike County case. Appellant's App. at 34. In December 2011, Bolin's counsel in the Vanderburgh County case wrote a letter to the trial court requesting that Bolin's Pike County sentence be modified from work release to placement in the DOC and served concurrently with his Vanderburgh County sentence. Bolin's counsel did not request a hearing. The Pike County prosecutor had no objection, and the trial court granted the request without a hearing in an order dated January 13, 2012.[1]

Bolin now appeals, claiming that the trial court erred in failing to hold a hearing. Bolin cites Indiana Code Section 35-38-1-17(a), which provides,

> Within three hundred sixty-five (365) days after:
> (1) a convicted person begins serving the person's sentence;
> (2) a hearing is held:
>        (A) at which the convicted person is present; and
>        (B) of which the prosecuting attorney has been notified; and

---

[1] The State acknowledges that the Pike County plea agreement provides that Bolin waived his right to seek sentence modification, but it "does not argue that [Bolin] is precluded from seeking the modification of his sentence, because in this case the prosecutor agreed to the modification." Appellee's Br. at 2 n.1.

(3) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned; the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

Bolin argues,

The Modification Order was obviously entered in response to a request from Mr. Bolin's own attorney. However, the [request] does not change the clear requirements of the statute. No hearing was conducted prior to the entry of the Modification Order. Therefore, this Court should overturn the Modification Order and restore the original sentence.

Appellant's Br. at 6.

Bolin's argument is meritless. Assuming for argument's sake that Indiana Code Section 35-38-1-17 is applicable here,[2] we note that Indiana Appellate Rule 66(A) provides,

No error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.

Bolin has failed to argue, let alone establish, that the trial court's failure to hold a hearing affected his substantial rights. Therefore, we affirm.

Affirmed.

RILEY, J., and BAILEY, J., concur.

---

[2] We note that the trial court's order neither reduces nor suspends Bolin's Pike County sentence.